IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMONT RASHAD HAMWRIGHT,         *
  #296747
        Plaintiff,                   *

        v.                             *   CIVIL ACTION NO. AW-10-1360

J. PHILLIP MORGAN             *
        Defendant.
                                    ***

**MEMORANDUM**

Plaintiff, who is housed at the Maryland Correctional Training Center ("MCTC"), filed this 42 U.S.C. § 1983 civil rights complaint on May 27, 2010, claiming that he was told by his case manager that the Warden of the Western Correctional Institution ("WCI") placed an "alert" in his base file which prevents him from working on a prison job outside of his housing assignment. Plaintiff claims that everyone has "the right to work and reduce his sentence"[1] and Warden Morgan is "violating my right to due process." He further alleges that he is being "discriminated against" because an "ex-employee of WCI wanted to visit me" and "now I am being labeled a manipulator of staff." He asks that the alert be taken out of his base file and that he be permitted to work outside the housing unit.

Plaintiff has filed a Request for Waiver of Prepayment of the Filing Fee. Because he appears indigent his request shall be granted. *See* 28 U.S.C. § 1915(a)(1).

---

[1]   Plaintiff claims that the denial of such a job assignment precludes him from earning 10 diminution credits a month. Paper No. 1 at 3.

In order to be entitled to the protections of the Due Process Clause, a Plaintiff must have a constitutionally protected liberty interest at stake; if so, the question becomes what due process protections are required. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In its decision in *Sandin v. Conner*, 515 U. S. 472 (1995), the Supreme Court sought to focus attention on the nature of the deprivation, stating that a liberty interest may be created when State action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, *Sandin* requires that the due process inquiry focus on the type of deprivation. *Id*.

Following the reasoning of the Supreme Court in *Sandin*, it appears that no liberty interest is implicated in a decision relating to prison job assignments.[2] *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2d Cir. 1996)(per curiam); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). An inmate's assignment to or removal from an institutional job is ot an atypical event, but represents a commonplace occurrence in the day-to-day operations of a prison. The fact that Plaintiff may not be assigned to a particular work detail may effect when he starts working, as well as the diminution credits he would otherwise receive, but it cannot be said to impose a significant hardship on him. Therefore, Plaintiff's due process claim regarding the denial of prison employment opportunities is without merit.

Plaintiff seemingly contends that there is a discriminatory animus involved in the decision to place in the "alert" in his base file. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim,

---

[2] Prior to *Sandin*, this Circuit held that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).

Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). His conclusory allegations of discrimination are insufficient to state a viable equal protection claim under 42 U.S.C. § 1983.

For the aforementioned reasons, Plaintiff's cause of action shall be dismissed without requiring a response from the Defendant. Because Plaintiff has alleged an infringement of a right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e).[3] Plaintiff is hereby notified that, pursuant to federal legislative changes,[4] he may be barred from filing future suits *in forma pauperis*.

---

[3] 28 U.S.C. § 1915(e) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal--
> (I)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under §1915(e) or Rule

A separate Order follows dismissing this action.


Date: June 24, 2010 _____/s/_____
                                            Alexander Williams, Jr.
                                            United States District Judge

---

12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.